bertmunaple

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

**ORIGINAL**



FILED
DISTRICT COURT OF GUAM
JAN 30 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 06-00035 |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| BERT R.A. MUNA, | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(A), the United States and the defendant, BERT R.A. MUNA, enter into the following plea agreement:

1. The defendant agrees to plead guilty to Count I of the Indictment charging him with one count of Felon in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). Upon sentencing, the government will dismiss Count II.

2. The United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the Districts of Guam or the Northern Mariana Islands (NMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the Districts of Guam or the NMI.

3(a). The defendant, BERT R.A. MUNA, understands that the <u>maximum</u> sentence for Felon in Possession of a Firearm is ten (10) years incarceration, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may

include a term of not more than three (3) years supervised release in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

(b) If defendant is sentenced to pay a fine and is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Count I, Felon in Possession of a Firearm as charged pursuant to 18 U.S.C. § 922(g)(1) and 924(a)(2), the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>: the defendant knowingly possessed a Beretta, PB Mod, .21A .22 LR, Serial number BBS05015U firearm;

<u>Second</u>: the Beretta, PB Mod, .21A .22 LR, Serial number BBS05015U firearm had been shipped or transported in interstate commerce at some time during or before the defendant's possession of it.

<u>Third</u>: at the time the defendant possessed the Beretta, PB Mod, .21A .22 LR, Serial number BBS05015U firearm, the defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year, a felony offense, to wit: one count of Theft of a Motor Vehicle (As a Third Degree Felony), on October 31, 1999, under Superior Court of Guam Case No. CF487-99;

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used in calculating the applicable guidelines level. The government and the defendant stipulate to the following facts:

(a) The defendant was born in 1982, and is a citizen of the United States.

(b) On October 31, 1999, defendant BERT R.A. MUNA was convicted of a felony offense, that is a crime punishable by imprisonment for a term exceeding one year, to wit: one count of Theft of a Motor Vehicle (As a Third Degree Felony), on October 31, 1999, under Superior Court of Guam Case No. CF487-99;

(c) On January 8, 2006, in the District of Guam, Robert A. Muna (Witness) reported that the defendant Bert R.A. Muna came to his residence, became angry, and pulled out a firearm. Robert A. Muna reported the incident to the Police. Guam Police Officers located Bert R.A. Muna, and Muna informed them that the gun, a Beretta, PB Mod, .21A .22 LR, Serial number BBS05015U pistol, was in his girlfriend, Carolyn Villagomez's car. Police recovered the pistol from the car. Defendant Bert R.A. Muna admitted that he was in possession of the firearm and had previously purchased the firearm for $20.00.

(d) The Beretta, PB Mod, .21A .22 LR, Serial number BBS05015U firearm had been shipped in interstate or foreign commerce.

6. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

7. The government agrees that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and the government and the Court to allocate their resources efficiently, and that in the event the defendant qualifies for a decrease under U.S.S.G. §3E1.1(a), the government will move the Court to decrease the offense level by one (1) additional level under U.S.S.G. §3E1.1(b).

8. The defendant understands and agrees that if he should breach this plea agreement, he will be fully subject to criminal prosecution for other crimes. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other provision of law, to attempt to bar such use of the information.

9. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(f) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

(g) That he reads, speaks, writes and understands English;

(h) That he has read this agreement, and he fully understands it;

(i) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

11. This Plea Agreement states the complete and only Agreement between the United States Attorney for the District of Guam and the Northern Mariana Islands and the defendant, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or is on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

12. In exchange for the Government's concessions in this Plea Agreement, the defendant waives any right to appeal this conviction.

DATED: 1/30/07

BERT R.A. MUNA
Defendant

DATED: 1/30/07

JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 1/30/07

ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

DATED: 1/8/07

JEFFERY J. STRAND
First Assistant U.S. Attorney

-5-