JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
BERT R.A. MUNA

FILED
DISTRICT COURT OF GUAM
MAY 29 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 06-00035 |
| | ) | |
| Plaintiff, | ) | SENTENCING MEMORANDUM |
| | ) | |
| vs. | ) | |
| | ) | |
| BERT R.A. MUNA, | ) | |
| | ) | |
| Defendant. | ) | |

### SENTENCING MEMORANDUM

Defendant, BERT R.A. MUNA, by and through undersigned counsel, John T. Gorman, Federal Public Defender, respectfully requests that this Honorable Court impose a sentence of time served[1] followed by a term of supervised release.

**I. Introduction**

Mr. Muna submits that this recommended sentence takes into consideration all the

---

[1] Mr. Muna has one day of credit for this case. He also served 100 days on the Guam Superior Court case, CF 10-06, which was based on the same offense conduct.

**ORIGINAL**

statutory factors, including the United States Sentencing Guidelines (U.S.S.G.), and especially, his exemplary post-offense rehabilitation and his unique family responsibilities. The proposed sentence is "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of United States v. Booker, 125 S. Ct. 738 (2005).

Booker restored district courts' ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines. Indeed, under § 3553(a), courts are **required** to sentence below the range if such a sentence would be sufficient to achieve the purposes of punishment.

Booker establishes a new, independent limit on the sentence that may be imposed. The primary sentencing mandate of § 3553(a) states that courts must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment-justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence **sufficient, but not greater than necessary**, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a)(emphasis added).

This so-called "Parsimony Provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is **statutorily prohibited** from sentencing—even when a greater sentence is recommended by the sentencing guidelines. *See* United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

Mr. Muna respectfully requests that this Court consider several important

2

circumstances of this case in fashioning a sentence. *First*, Mr. Muna's excellent post offense rehabilitation, shows that he has renounced his criminal behavior and that he poses little or no risk of recidivism. *Second*, Mr. Muna's role as sole provider for his common law wife and 4 young children means additional incarceration would wreak havoc on his innocent dependents and would be contrary to society's best interests. These circumstances warrant a sentence of time served which would allow him to continue to work and support his common law wife and 4 young children.

## II. The Sentencing Factors as Applied to Mr. Muna

Aside from the sentencing guidelines range, one of the § 3553(a) factors is particularly relevant in Mr. Muna's case: the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1) & (3). Traditional departure analysis still applies in determining what sentence is ultimately recommended under the sentencing guidelines.

### A. The Nature and Circumstances of the Offense and Mr. Muna's History and Characteristics

#### 1. *Mr. Muna's Exemplary Post-Offense Rehabilitation*

Mr. Muna's remarkable post offense rehabilitation demonstrates his extraordinary remorse and acceptance of responsibility and shows that further incarceration is unnecessary to protect the public or punish him. This incident happened in January, 2006 and he has stayed out of trouble for the past 17 months. His post-arrest conduct demonstrates that he has turned his life around and is headed in the right direction. Mr. Muna has also been on pre-sentencing release for approximately 6 months, since December 15, 2006. He has remained drug free. As the PSI notes,

he last used methamphetamine the day before his arraignment on this matter on December 14, 2006. But, since this Court released him he has steadfastly resisted the siren call of the drug. He has tested negative over 23 times. He has complied completely with all conditions of his drug abuse treatment program. He also completed Anger Management training through Guam's Superior Court Client Services and Family Counseling Division on May 8, 2007. He has been completely law abiding and compliant with all conditions of his release.

Mr. Muna has also continued his gainful employment. He has been employed with JM Sandblasting and Painting since January, 2004. He works as a Laborer/Painter and earns $10 a hour. His position is physically taxing and is not particularly lucrative or glamorous. But he has an excellent work ethic and a demonstrated capacity to be a hard working and productive member of society. His employer describes him as "hardworking and reliable" and "dependable, cheerful, friendly and easy to work with". (See Exhbit A, Jim Moore letter dated May 24, 2007). Mr. Muna has exhibited exemplary post-offense rehabilitation, has renounced his previous criminal activities and already embarked on a productive, law-abiding life with the assistance and support of his family.

## 2. *Mr. Muna's Unique Family Responsibilities*

Mr. Muna lives with his common law wife, Caroline Villagomez and their 4 young children. His children are Terianalyn, 6 years old, Jonica, 4 years old, Bernicia, 3 years old and Bert, a one year old. Ms. Villagomez takes care of the children and Mr. Muna is the sole source of support for the family. They all live together in Dededo in a modest wood and tin home. Any further incarceration of Mr. Muna would pose a serious and unnecessary hardship for Ms. Villagomez and their four young children. *See* U.S. v. Aguirre, 214 F.3d 112 (9th Cir. 2000) (within district court's

Case 1:06-cr-00035   Document 19   Filed 05/29/2007   Page 4 of 9

discretion to depart downward 4 levels for extraordinary family circumstances "based on the fact there is an 8 year-old son who's lost a father and would be losing a mother for a substantial period of time); U.S. v Johnson, 964 F.2d 124, 128-130 (2nd Cir. 1992) (in embezzlement case, approving 13 level downward departure, where defendant was a single mother responsible for 3 young children and young child of her institutionalized daughter, depart not because defendant had lesser culpability but because **"we are reluctant to wreak extraordinary destruction on dependents who rely solely on the defendant for their upbringing"**)(emphasis added). As Ms. Villagomez stated in the PSI, Mr. Muna "is a good father who supports his children." (PSI, paragraph 44).

### III. The Minimally-Sufficient Sentence in this Case

As discussed above, Booker and 18 U.S.C. § 3553(a)'s Parsimony Provision impose a statutory cap on sentences, regardless of the sentencing guidelines: the sentence must be "sufficient, but not greater than necessary" to achieve the purposes of punishment. Here, it is respectfully submitted that a sentence of time served followed by a period of supervised release is sufficient to achieve the goals of punishment.

Justice is certainly served by this proposed sentence. Mr. Muna recognizes the seriousness of his offense. He has had no contact with the criminal justice system for the past 17 months since this incident in January, 2006. The proposed sentence also achieves the goals of deterrence, incapacitation, and rehabilitation. Specific deterrence and incapacitation are relatively minor considerations in this case, given Mr. Muna's excellent post-offense rehabilitation, his unique role as sole care giver and support for his common law wife and 4 young children, his excellent work history, his commitment to a drug free life and efforts to deal with his anger management issues. For

5

all of these reasons, Mr. Muna presents a low risk of recidivism. General deterrence is amply served by a sentence of time served and the period of supervised release. 101 days in jail could hardly be considered a slap on the wrist. Finally, Mr. Muna's need for rehabilitation will be furthered by his continued employment and supervision by U.S. Probation. The proposed sentence will further solidify and reinforce Mr. Muna's respect for the law.

In determining the minimally sufficient sentence, the Court must essentially ask whether more jail time in addition to the 101 days of incarceration would achieve greater justice, deterrence, incapacitation, or rehabilitation. Respectfully, it would not in this case. In making this judgment, it is important to examine the severe consequences Mr. Muna is already facing as a result of his conduct and this prosecution. While these consequences are not a complete substitute for judicial punishment, they are critically important to assessing what further punishment is necessary in this case. Because such consequences satisfy some of the purposes of punishment, they are widely recognized as grounds for departure under the sentencing guidelines. Mr. Muna is a young man. He is only 24 years old. This serious Federal felony conviction will haunt him the rest of his life and will probably rob him of many job opportunities. Mr. Muna will be raising and supporting his 4 young children and maintaining gainful employment along with all his other supervised release conditions. Mr. Muna recognizes that he has brought this upon himself. But the punishment is no less real for being self-inflicted, and that is what matters in assessing the need for additional judicial punishment.

### IV. Conclusion

Based on the above-mentioned points and authorities, Mr. Muna respectfully requests

that this Honorable Court sentence him to time served and a period of supervised release. This proposed sentence would be reasonable, and would be sufficient, but not greater than necessary, and satisfies the mandates of 18 U.S.C. § 3553. The proposed sentence would also reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from any further crimes.

DATED: Mongmong, Guam, May 29, 2007.

JOHN T. GORMAN
Attorney for Defendant
BERT R.A. MUNA

7

# JM Sandblasting and Painting

P.O. Box 12215, Tamuning, Guam 96931
Phone # 671-734-7263; Fax# 671-734-7264

May 24, 2007

Chief Judge Frances Tydingco-Gatewood
U.S. District Court- Guam
Anigua, Guam

Jim Moore
JM Sandblasting and Painting

Re: Bert Robert Muna

To Whom It May Concern:

Bert Muna has been working with us JM Sandblasting and Painting since January 2004 up to the presence, he work with us as a laborer/painter, and his making $ 10 per hour. He has been a good worker, dependable, cheerful, friendly, and easy to work with other employees, he comes to work on time. He is a hardworking and reliable employee that any employer that hires him would learn quickly what an asset he is.

Should you have any questions please contact me, I would be happy to answer any questions you might have.

Respectfully yours,

Jim Moore
Manager-owner

## CERTIFICATE OF SERVICE

I, RENATE A. DOEHL, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on May 29, 2007:

> ROSETTA SAN NICOLAS
> Assistant United States Attorney
> Sirena Plaza
> 108 Hernan Cortez, Ste. 500
> Hagatna, Guam 96910
>
> Attorney for Plaintiff
> UNITED STATES OF AMERICA
>
>
> STEPHEN GUILLIOT
> U.S. Probation Officer
> U.S. Probation Office
> Districts of Guam and NMI
> 2nd Floor, U.S. District Court

DATED: Mongmong, Guam, May 29, 2007.

RENATE A. DOEHL
Operations Administrator

JOHN T. GORMAN
Attorney for Defendant
BERT R.A. MUNA

8